**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ANTOINE MCRAE, | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | Civ. No. 12-6011 (WHW) |
| COUNTY OF ESSEX, CITY OF NUTLEY, NUTLEY POLICE DEPARTMENT, ANDREW BASSETT, ISAAH CARDINALE, DAVID STRUS, and JOHN DOE, | : | |
| Defendants. | | |

**Walls, Senior District Judge**

Plaintiff McRea claims that his arrest and confinement in the Essex County Correctional Facility were unlawful and seeks relief under 42 U.S.C. § 1983. Defendant County of Essex moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court decides the motion without oral argument. Fed. R. Civ. P. 78. The motion is granted. Count III and Count V's claim under the Fourteenth Amendment are dismissed without prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

A temporary restraining order ("TRO") was issued against Plaintiff McRea on March 7, 2009, in reference to a domestic violence incident. Am. Compl. ¶ 9. Plaintiff alleges that he was not served with the TRO at that time. *Id.* The criminal charges arising out of the March 7, 2009 incident were dismissed. *Id.* ¶ 12.

On August 5, 2011, the Nutley Police responded to another domestic violence incident involving Plaintiff and the same complainant. *Id.* ¶ 13. The Nutley Police Department claimed

1

**NOT FOR PUBLICATION**

that the 2009 TRO was still in effect and Plaintiff McRea violated the TRO by contacting the complainant. *Id.* ¶ 14. A warrant and complaint against Plaintiff was issued for the TRO violation. *Id.*

Plaintiff alleges that he was not served with the 2009 TRO until August 10, 2011. *Id.* ¶¶ 11, 15. On that date, he went to the Nutley Police Department to explain the situation and presented the TRO to show that he had just been served that same day. *Id.* ¶ 16. He was arrested for violating the TRO. *Id.* The criminal charges based on the TRO violation were subsequently dropped. *Id.* ¶ 18.

Plaintiff alleges that he was confined to the Essex County Correctional Facility for twenty-one days, from August 10 to August 31, 2011. *Id.* ¶ 17.[1] McRea claims to suffer from diabetes, rheumatoid arthritis and asthma. *Id.* ¶ 24. He takes medications for these conditions, and uses an inhaler and a cane. *Id.* ¶ 25. During his confinement, Plaintiff alleges that he requested but was not given his medications. *Id.* ¶ 26. His cane was confiscated. *Id.* As a result, Plaintiff claims that his medical problems were "aggravat[ed] and exacerabat[ed]." *Id.* ¶¶ 28, 41. He is "permanently disabled" and suffers from "psychological problems." *Id.*

Plaintiff brings fives claims against various Defendants. The claims implicating Defendant County of Essex are the following: (1) deliberate indifference to Plaintiff's medical needs and intentional denial of necessary medical care, *id.* ¶¶ 23-28 (Count II); (2) excessive and false imprisonment in violation of the Fourth and Fourteenth Amendments, *id.* ¶¶ 29-32 (Count III); and (3) failure to give Plaintiff access to medications, resulting from either improper policy or custom, in violation of the Fourth and Fourteenth Amendments, *id.* ¶¶ 38-41 (Count V). County of Essex moves to dismiss all claims asserted against it with prejudice.

---

[1] Defendant County of Essex has submitted documents showing different dates—that Plaintiff was released on August 29, 2011, after an eighteen-day confinement. Ex. C, Ruddy Cert. (ECF No. 10-1).

**NOT FOR PUBLICATION**

## STANDARD OF REVIEW

When deciding a 12(b)(6) motion to dismiss, the Court accepts as true all facts alleged in the complaint and construes the complaint in the light most favorable to the plaintiff. *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (citations omitted). Legal conclusions asserted in the complaint are disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The Court should determine whether the facts alleged are sufficient to show that the plaintiff has "'a plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "This 'plausibility' determination will be a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). After the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). While courts are usually limited to the four corners of the complaint, the Third Circuit has held that a court may also consider "a document integral to or explicitly relied upon in the complaint" or "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (quotations omitted).

42 U.S.C. § 1983 provides private citizens with a means to redress violations of federal law committed by state officials. To state a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

**NOT FOR PUBLICATION**

## DISCUSSION

**I.     Negligence**

Defendant County of Essex argues that all negligence claims must be dismissed because it never received any notice of a tort claim. Mot. to Dismiss Br. at 3 (ECF No. 10-3). Plaintiff is understandably confused by this argument because the Amended Complaint does not allege any negligence claims. The Court agrees with the Plaintiff. None of the claims in the Amended Complaint are subject to dismissal on this ground.

**II.    Claims based on Plaintiff's arrest**

Defendant County of Essex argues that all claims based on Plaintiff's arrest must be dismissed because state authorities acted pursuant to a facially valid warrant. Mot. to Dismiss Br. at 4 (citing *Hamilton v. Leavy*, 322 F.3d 776 (3d Cir. 2003); *Wolfe v. City of Pittsburgh*, 140 F.3d 236 (3d Cir. 1998)). Plaintiff points out that that the claims regarding the arrest itself (Counts I and IV) are asserted against other Defendants in the case and not against the County of Essex. Opp'n Br. (ECF No. 12) at 4-5. Plaintiff also consents to dismiss Count III, conceding that "the County cannot be held liable for imprisoning an individual after a facially valid arrest." *Id.* at 4. Plaintiff reserves the right to further amend the Amended Complaint if discovery reveals a basis for doing so. This is reasonable. *See Shane v. Fauver*, 213 F.3d 113, 115-16 (3d Cir. 2000) (amendment should be allowed unless it would be futile); *Hamilton*, 322 F.3d at 783 (whether defendant acted pursuant to a facially valid court order can be question of fact or law, based on circumstances and details of the case). Count III is dismissed without prejudice.

**III.   Medical treatment**

Counts II and V concern the alleged lack of medical treatment. Count II alleges that the County of Essex's actions "amount[] to a deliberate indifference to the Plaintiff's medical

**NOT FOR PUBLICATION**

needs," Am. Compl. ¶ 27, and violate the Eighth Amendment. Opp'n Br. at 3 n.1. Count V alleges that the County's failure to give Plaintiff his medication "resulted from either an improper policy or custom, or from a failure to train or improper training of its employees" and violates the Fourth and Fourteenth Amendments. Am. Compl. ¶¶ 39-40. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978) (holding local governments can be sued under §1983 if injury resulted from policy, custom, ordinance or regulation); *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (allegation "that Borough has a custom, practice, and usage of committing unlawful acts" is sufficiently pled).

The Eighth Amendment proscription against cruel and unusual punishment requires prison officials to provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). The Eighth Amendment does not apply to arrestees and pretrial detainees, whose rights arise under the Due Process clause. *Boring v. Kozakiewicz,* 833 F.2d 468, 471 (3d Cir. 1987) ("Pretrial detainees are not within the ambit of the Eighth Amendment but are entitled to the protections of the Due Process clause.") (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). As a result, Count II is dismissed with prejudice. Plaintiff's allegations of denial of medical care will be considered under the Due Process clause.

In practice, the analysis does not change. The Due Process clause similarly requires the government to provide appropriate medical care. *Boring*, 833 F.2d at 471 (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). The Third Circuit has held that "the [F]ourteenth [A]mendment imposes on local government actors the same duty to provide medical care for pretrial detainees that the [E]ighth [A]mendment imposes with respect to convicted prisoners." *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991) (citations omitted). *See also Brown v. Deparlos*, 492 F. App'x 211, 214 (3d Cir. 2012) ("The

5

**NOT FOR PUBLICATION**

same standard applies to claims of inadequate medical care by pre-trial detainees.") (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).

Deliberate indifference to a detainee's serious illness or injury states a cause of action under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 104. A plaintiff must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106. The medical need must be serious "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). When medical care is received, mere medical malpractice or disagreements over medical judgment do not amount to constitutional violations. *White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990).

Construing the Amended Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff McRea has sufficiently alleged that he has serious health problems. The Amended Complaint asserts that he suffers from diabetes, rheumatoid arthritis, and asthma—all conditions that may have dire consequences if left untreated. Am. Compl. ¶ 24. *See Monmouth Cnty. Corr. Inst. v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987) (medical need may be serious if it has been diagnosed by a physician as requiring treatment, is obvious to a lay person, or lack of treatment would result in serious injury, long-term harm or permanent disability).

But Plaintiff McRea's claim fails on the second required element—that prison officials were deliberately indifferent to his medical needs. "Deliberate indifference" is more than just mere malpractice or negligence: it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). Courts generally will not find deliberate indifference when some level of medical care has been provided to the inmate. *See, e.g., Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002) (citing cases); *Glover v.*

**NOT FOR PUBLICATION**

*Grady*, No. 03-0064, 2008 WL 3843513, at *4-5 (D.N.J. Aug. 15, 2008) (Plaintiff's medical records from Bergen County jail show he was medically treated); *Brown*, 492 F. App'x at 214 ("The record shows that [plaintiff] routinely sought and received treatment…"); *Pittman v. Cnty. of Union*, No. 06-1617, 2008 WL 906235, at *5 (D.N.J. April 1, 2008) ("Decedent's medical records demonstrate attentiveness"). A plaintiff's subjective dissatisfaction with his medical care does not show deliberate indifference. *Gonzalez-Cifuentes v. U.S. Dep't of Homeland Sec.*, No. 04-4855, 2005 WL 1106562, at *7 (D.N.J. May 3, 2005) (citing *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000)). Nor is it sufficient to allege that some item that the plaintiff requested was denied. *Barr v. Knauer*, 321 F. App'x 101, 103 (3d Cir. 2009) (prison doctor's refusal to approve use of electric razor for skin condition is not "deliberate indifference").

When a plaintiff receives medical care, the claims survive a 12(b)(6) motion if there are detailed allegations about a defendant's reckless disregard of harm to the plaintiff. As example, in *White v. Napoleon*, the Third Circuit held that the claims should not be dismissed because:

> What separates this complaint from ordinary allegations of medical malpractice are (1) allegations that the doctor intended to inflict pain on prisoners without any medical justification and (2) the *sheer number of specific instances* in which the doctor allegedly insisted on continuing courses of treatment that the doctor knew were painful, ineffective or entailed substantial risk of serious harm to the prisoners.

897 F.2d at 109 (emphasis added).

By contrast, Plaintiff McRea's Amended Complaint lacks specificity and is bare to its bones. McRea alleges that he "did not have his medications," that he "requested that he be given access to these medications," but his "request…was ignored" and "his cane was confiscated." Am. Compl. ¶ 26. He provides no details about the circumstances of his request, whom he spoke to about his medical needs, or whether he received any other medical attention or treatment. The County of Essex has submitted documents showing that McRea was detained on August 10,

**NOT FOR PUBLICATION**

2011, and was medically screened the following day. Ex. C, Chart Document at 1, Ruddy Cert. (ECF No. 10-1). He met with multiple medical personnel, tests were done, and his medical chart states that he has mild asthma, degenerative joint disease in his knee, and ankle pain in his left leg. *Id.* at 8. The "Practitioner's Plan" portion of McRae's medical charts indicates that medications were prescribed and that he needed a knee brace. *Id.* McRae's Amended Complaint contains no mention of his medical exams. As such, the Amended Complaint fails under the pleading standards required by *Iqbal*. At this stage, the Court does not rule out the possibility that Plaintiff McRae may have a plausible case, but more details are required for McRea to meet that plausibility threshold. The Fourteenth Amendment portion of Count V is dismissed without prejudice with leave to amend.

Count V also alleges a violation of the Fourth Amendment, which guards against unreasonable searches and seizures. Am. Compl. ¶¶ 39-40. This allegation is not supported by any factual detail. As a matter of law, the Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer,* 468, U.S. 517, 533 (1984). *See also Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (applying *Hudson* to pretrial detainees); *Barr*, 321 F. App'x at 103 ("prisoners do not have a right to privacy and freedom from unreasonable searches during incarceration"). This portion of Count V is dismissed with prejudice because amendment would be futile.

**NOT FOR PUBLICATION**

## CONCLUSION

Count II is dismissed with prejudice. Count III dismissed without prejudice. Count V is dismissed without prejudice with regard to the alleged Fourteenth Amendment violation; Count V's claim under the Fourth Amendment is dismissed with prejudice.

April 2, 2013

<u>**/s/ William H. Walls**</u>

United States Senior District Judge